IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2044-FL

| | | |
|---|---|---|
| THOMAS COVINGTON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GEORGE KENWORTHY, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state inmate, petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 8, 2011, the court granted respondent's motion for summary judgment, and dismissed the action. Petitioner appealed the court's decision, and the Fourth Circuit Court of Appeals subsequently dismissed petitioner's appeal. Covington v. Kenworthy, 430 F. App'x 243 (4th Cir. May 24, 2011). The matter now is before the court on petitioner's motion to set aside the court's judgment pursuant to Federal Rule of Civil Procedure 60(b) (DE 31). For the following reasons, the court denies petitioner's Rule 60(b) motion.

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). If those three threshold conditions are met, the court then must determine whether the

movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

The court finds that there are no errors affecting petitioner's substantial rights. See Fed. R. Civ. P. 61. Moreover, petitioner's attempt to re-litigate the issues previously addressed by this court is not appropriate. See CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995) (per curiam) (quoting United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982)); Saunders v. City of Petersburg Police Dept., No. 05-2240, 2005 WL 3542461, at *1 (4th Cir. Dec. 28, 2005) (per curiam) (stating "Rule 60(b) may not be used to re-litigate claims already decided by the court"). Finally, petitioner has not demonstrated that he has moved promptly in filing this motion. Based upon the foregoing, petitioner has not met the threshold requirements to proceed with a Rule 60(b) motion. Thus, his Rule 60(b) motion (DE 31) is DENIED. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c).

SO ORDERED, this the 31st day of May, 2013.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge